UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
TROY PIROLOZZI, :
ADMINISTRATOR : CASE NO. 5:07-CV-798
:
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 20]
ERIC STANBRO, ET AL., :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before this Court is Defendant Thomas Hopkins' motion to dismiss. [Doc. 20.] Plaintiff Troy Pirolozzi has responded to the motion. [Doc. 41.] For the following reasons, this Court **GRANTS** in part and **DENIES** in part Defendant Hopkins' motion to dismiss.

I. Background

On March 19, 2007, Plaintiff Troy Pirolozzi, administrator of the estate of Shawn C. Pirolozzi, Sr., filed a complaint against Defendants Officer Eric Stanbro, Officer William Guthrie, Officer Jerry Fuelling, Officer Shawn Overdorf, Agent Thomas Hopkins, City of Canton, Bureau of Tobacco and Firearms, and the United States of America. [Doc. 1.] In the complaint, Plaintiff Pirolozzi asserts numerous constitutional, statutory, and tort law claims against the Defendants resulting from the June 13, 2005 arrest and death of decedent.

With regard to Defendant Bureau of Alcohol, Tobacco, Firearms, & Explosives ("ATF") Special Agent Thomas Hopkins, Plaintiff raises in Counts III and IV of his complaint a wrongful

-1-

Case No. 5:07-CV-798
Gwin, J.

death action and a survival action alleging that Defendant Hopkins violated the decedent's Fifth Amendment due process rights. Plaintiff claims that Defendant owed the decedent a duty to act with reasonable care and to avoid the use of excessive force. Specifically, Plaintiff alleges that Defendant failed to render or timely seek medical care for the decedent after using excessive force; conspired with the other Defendants to deprive decedent of this medical care; fabricated and disseminated false accounts of the incident; and misrepresented the facts of the lawsuit to the public. Plaintiff seeks damages for reasonable medical expenses; conscious pain and suffering; loss of financial support; loss of service; loss of gifts; punitive and exemplary damages; and all other damages permitted under the Ohio Wrongful Death Act. [Doc. 1.]

On June 28, 2007, the United States of America filed a notice of substitution for Defendant Hopkins. [Doc. 6.] On that same day, Defendant Hopkins filed an answer to the complaint. [Doc. 8.] On September 10, 2007, Defendant Hopkins filed a motion to dismiss, alleging that the complaint should be dismissed against him because of lack of subject matter jurisdiction, lack of in personam jurisdiction, and insufficiency of service of process. [Doc. 20.]. Defendant Hopkins filed an amended memorandum in support of his motion to dismiss on September 19, 2007. [Doc. 25.]

Subsequently, Plaintiff filed a motion asking for an extension of time to serve the summons and complaint upon Defendant Hopkins and for permission to perform alternative service upon Defendant's legal counsel. [Doc. 26.] This Court granted Plaintiff's motion for an extension of time until November 5, 2007 to serve the summons and complaint upon Defendant Hopkins. [Doc. 34.] On October 9, 2007, Plaintiff Pirolozzi filed a response to Defendant Hopkins' motion to dismiss, claiming that the motion is now moot because Defendant Hopkins was served a copy of the complaint and re-issued summons, and Hopkins' attorney has agreed to accept service on his behalf.

Case No. 5:07-CV-798
Gwin, J.

[Doc. 41.]

Assuming that Defendant Hopkins has been properly served with the complaint and summons by the Court's November 5, 2007 deadline, the Court **DENIES** as moot the portions of Defendant's motion to dismiss based on insufficiency of service of process. Defendant Hopkins, however, also alleges that Plaintiff's common law tort claims against him should be dismissed because he is entitled to absolute immunity. Plaintiff has not opposed this argument. For the reasons stated below, the Court **GRANTS** Defendant Hopkins' motion to dismiss the common law tort claims against him and substitutes Defendant United States of America in his place with respect to such claims.

## II. Discussion

The Federal Employees Liability Reform and Tort Compensation Act of 1988, known as the Westfall Act, establishes the procedure for bringing common law tort claims seeking money damages against individual federal defendants. 28 U.S.C. § 2679(b)(1). The Sixth Circuit has held that the Westfall Act is "the exclusive remedy for injuries to persons or property arising from the tortious acts of federal employees acting within the scope of their employment." *Arbour v. Jenkins*, 903 F.2d 416, 420 (6th Cir. 1990). The Act provides federal employees absolute immunity from common law tort actions by allowing the United States to substitute itself in place of the sole defendant if the Attorney General or his designee certifies that the individual federal agent was acting within the scope of his office when the injuries occurred. 28 U.S.C. § 2679(b)(1); *Arbour*, 903 F.2d at 419. The certification is prima facie evidence that the federal employee acted within the scope of his employment. *Allstate Ins. Co. v. Quick*, 254 F. Supp. 2d 706, 711 (S.D. Ohio 2002). Plaintiffs may rebut the certification by presenting evidence that the employee did not act within

-3-

Case No. 5:07-CV-798
Gwin, J.

the scope of his employment at the time of the injury. *Id.*

Upon certification, the individual federal defendant is dismissed from the action and the United States is substituted in place of the defendant. 28 U.S.C. § 2679(d)(2) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding . . . shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2). The tort claims are then subject to the Federal Tort Claims Act (FTCA), which is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States. *See* 28 U.S.C. § 2679. *See also Arbour,* 903 F.2d at 419.

Here, the United States filed a notice of substitution on behalf of Defendant Hopkins on June 28, 2007. [Doc. 6.] Pursuant to that notice, Gregory A. White, the U.S. Attorney for the Northern District of Ohio, certified that Defendant Hopkins was acting within the scope of his employment as an ATF Special Agent at the time of the incidents described in the complaint. The Plaintiff has not challenged this certification. In his complaint, Plaintiff Pirolozzi brings a wrongful death action and a survival action against Defendant Hopkins alleging violations of decedent's Fifth Amendment rights and raising numerous tort claims including misrepresentation, negligence, civil conspiracy, and wrongful death. Plaintiff seeks money damages from Defendant Hopkins for these alleged violations. Insofar as these claims may be considered common law tort claims and not constitutional claims, this Court is bound by the Westfall Act. Pursuant to 28 U.S.C. § 2679, this Court must therefore dismiss Defendant Hopkins and substitute the United States of America in his place as to all common law tort claims alleged by the Plaintiff.

### III. Conclusion

Case No. 5:07-CV-798
Gwin, J.

For the above reasons, this Court **GRANTS** in part and **DENIES** in part Defendant Hopkins' motion to dismiss. The Court dismisses Defendant Thomas Hopkins and substitutes Defendant United States of America in his place with regard to all common law tort claims asserted in the complaint.

IT IS SO ORDERED.


Dated: October 16, 2007                    s/      *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE