UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

TROY PIROLOZZI,
ADMINISTRATOR                   :   CASE NO. 5:07-CV-798

       Plaintiff,            :

vs.                             :   OPINION & ORDER
                                :   [Resolving Doc. No. 21]
ERIC STANBRO, ET AL.,           :

       Defendants.           :

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before this Court is a motion to dismiss filed by the Defendants United States of America and the Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereinafter, the "Federal Defendants"). [Doc. 21.] Plaintiff Troy Pirolozzi ("Pirolozzi") does not oppose the motion. [Doc. 53.] For the following reasons, this Court **GRANTS** the Federal Defendants' motion to dismiss.

I. Background

On March 19, 2007, Plaintiff Troy Pirolozzi, administrator of the estate of Shawn C. Pirolozzi, Sr., filed a complaint against Defendants Officer Eric Stanbro, Officer William Guthrie, Officer Jerry Fuelling, Officer Shawn Overdorf, Agent Thomas Hopkins, City of Canton, Bureau of Tobacco and Firearms, and the United States of America. [Doc. 1.] In the complaint, the Plaintiff asserts numerous constitutional and tort law claims against the Defendants resulting from the June 13, 2005 arrest and death of the decedent. *Id.*

With regard to the Federal Defendants, Plaintiff raises several claims. In Counts III and IV

-1-

Case No. 5:07-CV-798
Gwin, J.

of the complaint, the Plaintiff alleges that Defendant ATF Special Agent Thomas Hopkins violated the decedent's Fifth Amendment due process rights and seeks relief for these violations through a wrongful death action and a survival action. [Doc. 1.] Plaintiff Pirolozzi claims that Defendant Hopkins owed the decedent a duty to act with reasonable care and to avoid the use of excessive force. In Counts VII and VIII, the Plaintiff also raises these same claims and seeks money damages against the Federal Defendants. The Plaintiff asserts that the policies, customs, and practices of the Federal Defendants resulted in the violations of decedent's constitutional rights. *Id.*

On June 28, 2007, the United States filed a notice of substitution for Defendant Hopkins. [Doc. 6.] On October 16, 2007, this Court dismissed Defendant Hopkins and ordered the substitution of the United States as Defendant in his place for all common law tort claims. [Doc. 46.]

On September 10, 2007, the Federal Defendants filed the instant motion to dismiss. [Doc. 21.] In their motion, the Federal Defendants argue that this Court should dismiss the complaint as it relates to them because the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Id.* Specifically, the Federal Defendants allege that the Plaintiff has failed to exhaust his administrative remedies as required by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.* The Federal Defendants also assert that the Court lacks subject matter jurisdiction over the Plaintiff's claims against them because the Federal Defendants are immune from suit. *Id.*

On November 9, 2007, Plaintiff Pirolozzi responded to the Federal Defendants' motion and stated that he does not oppose the dismissal of the Federal Defendants. [Doc. 53.] With regard to the FTCA claims, however, the Plaintiff asks that the Court dismiss the Federal Defendants without prejudice so that he can exhaust his administrative remedies as required by the statute. *Id.*

II. Discussion

Case No. 5:07-CV-798
Gwin, J.

The Federal Defendants seek dismissal of all of the Plaintiff's claims against them under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that this Court lacks subject matter jurisdiction. When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving that the court has jurisdiction over the cause of action. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996). On such a motion, the court must take the material allegations of the petition as true and construe them in the light most favorable to the nonmoving party. *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974).

The Federal Defendants move to dismiss the Plaintiff's common law tort claims against them for lack of subject matter jurisdiction. The tort claims are governed by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, which provides a limited waiver of the government's sovereign immunity. The FTCA sets forth the conditions that a plaintiff must meet to bring tort claims against the federal government. Of particular relevance in this case, the FTCA requires that plaintiffs present an administrative claim to the proper federal agency prior to the initiation of a suit against the United States. 28 U.S.C. § 2675(a). Moreover, a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . " 28 U.S.C. § 2401(b).

Here, the Plaintiff failed to make any administrative claim prior to initiating the present suit against the Federal Defendants. Moreover, the time to make such an administrative claim has now run, as more than two years have passed since the Plaintiff's claim accrued. The United States Supreme Court has held that a claim under the FTCA accrues when the plaintiff knows of both the existence and the cause of the alleged injury. *See United States v. Kubrick,* 444 U.S. 111, 121-24 (1979); *Chomic v. United States,* 377 F.3d 607, 610-11 (6th Cir. 2004). Plaintiff Pirolozzi knew of

Case No. 5:07-CV-798
Gwin, J.

both the existence and likely cause of the decedent's injury at the time of the decedent's arrest, beating, and subsequent death on the night of June 13, 2005. The Plaintiff's tort claims against the Federal Defendants therefore accrued, for purposes of the FTCA, on June 13, 2005. There are no apparent grounds to justify equitable tolling in this case. The deadline for filing an administrative claim under the FTCA thus expired on June 13, 2007.

Accordingly, the Plaintiff has not complied with the requirement of 28 U.S.C. § 2675(a) and the Court must dismiss the tort claims against the Federal Defendants for lack of jurisdiction. In similar situations, the Court often chooses to dismiss such defendants without prejudice so that the plaintiff may exhaust his administrative remedies and re-file the action in federal court. As discussed above, however, the Plaintiff's tort claims against the Federal Defendants appear to be time-barred under the FTCA and thus the tort claims are effectively dismissed with prejudice.

The Plaintiff also raises several constitutional violations against the Federal Defendants. However, the United States, including its federal agencies, is immune from suit absent a waiver of sovereign immunity. *FDIC v. Meyer,* 510 U.S. 471, 475 (1994). The United States has not waived its sovereign immunity for constitutional tort claims. *Id.* at 475-79. In this case, the Plaintiff impermissibly attempts to hold the Federal Defendants liable for money damages for its alleged constitutional violations. This Court finds that the claims must be dismissed against the Federal Defendants because they are immune from suit.

-5-

Case No. 5:07-CV-798
Gwin, J.

### III. Conclusion

For the above reasons, this Court **GRANTS** the Federal Defendants' motion to dismiss.

IT IS SO ORDERED.


Dated: November 19, 2007                    s/         *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE