UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
                                                    :
TROY PIROLOZZI,                                     :          CASE NO. 5:07-CV-798
                                                    :
            Plaintiff,                              :
                                                    :
vs.                                                 :          ORDER & OPINION
                                                    :          [Resolving Doc. No. 174]
ERIC STANBRO, ET AL,                                :
                                                    :
            Defendants.                             :
                                                    :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Troy Pirolozzi moves the Court to strike the Defendants' Rule 68 Offer of

Judgment. [Doc. 174.] Defendants City of Canton, Eric Stanbro, William Guthrie, Jerry Fuelling,

and Shawn Overdorf oppose the motion. [Doc. 184.]  For the reasons discussed below, this Court

**DENIES** the Plaintiff's motion to strike the Defendants' Rule 68 Offer of Judgment.

I.  Background

On March 19, 2007, Plaintiff Pirolozzi filed suit against multiple Defendants in this Court

for damages under 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment, and under Ohio

common law.  The remaining Defendants in the case include the City of Canton and Officers

Stanbro, Guthrie, Fuelling, and Overdorf.  These Defendants collectively made a Rule 68 Offer of

Judgment to the Plaintiff on February 3, 2009.

Plaintiff Pirolozzi asks the Court to strike this Offer of Judgment because it allegedly allows

judgment against the Defendants jointly and severally.  The Plaintiff asserts that joint and several

liability is not available to the Plaintiff because the Plaintiff sued the Officers in their individual

capacities and the City of Canton is not vicariously liable for constitutional violations by its officers.

Case No. 5:07-CV-798
Gwin, J.

Further, the Plaintiff claims the Offer of Judgment is "vague and non-specific" as to what would constitute "reasonable attorneys' fees."  Finally, Plaintiff Pirolozzi challenges the fact that the Offer of Judgment does not delineate what amount each of the Defendants will stipulate to.  For all these reasons, the Plaintiff believes he was not compelled to respond to the Offer of Judgment.

Defendants City of Canton and Officers Stanbro, Guthrie, Fuelling, and Overdorf (collectively "Defendants Canton") oppose the motion to strike the Offer of Judgment because they contend the Offer complied with all necessary requirements.  The Offer allegedly set forth a specific monetary amount, including costs then accrued, applicable to all of the Plaintiff's claims against all the Defendants.  Defendants Canton maintain that Rule 68 has no requirement that offers be apportioned among the Defendants, nor do courts generally require such apportionment.  Further, the Defendants say the offer is valid regardless whether the Plaintiff is eventually satisfied with the "reasonable attorneys' fees" awarded by the Court.

## II.  Legal Standard

Rule 68 of the Federal Rules of Civil Procedure provides that more than ten days before trial, a party defending against a claim may offer to allow judgment against itself on specified terms, with costs then accrued.  Fed. R. Civ. Pro. 68.  If the offeree does not accept the offer, and the judgment finally obtained is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.  *Id.*  The rule functions as a cost-shifting provision designed to encourage settlement.  *Marek v. Chesny*, 473 U.S. 1, 5 (1985).  Courts interpret Rule 68 Offers of Judgment according to contract law principles.  *Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824, 837 (6th Cir. 2005).  The primary concern for courts enforcing Rule 68 cost-shifting is the comparability between a Rule 68 Offer and the plaintiff's ultimate recovery.

Case No. 5:07-CV-798
Gwin, J.

Multiple defendants may make joint Offers of Judgment. *See Marek*, 473 U.S. at 3-4; *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 350 n.5 (1981). As the Supreme Court noted in *Marek*, "If defendants are not allowed to make lump-sum offers that would, if accepted, represent their total liability, they would understandably be reluctant to make settlement offers." *Marek*, 473 U.S. at 6-7. Some federal circuits have seemed to hold Rule 68 Offers invalid where multiple defendants making a single offer do not apportion responsibility for the offer among the individual defendants. *See Harbor Motor Co. V. Arnell Chevrolet-Geo, Inc.*, 265 F.3d 638, 648-49 (7th Cir. 2001) (holding that an unapportioned joint offer by two defendants cannot be enforced where the plaintiff only wins against one of the defendants); *Johnston v. Penrod Drilling Co.*, 803 F.2d 867, 870 (5th Cir. 1986) (holding that an unapportioned joint offer by two defendants is not comparable to judgment obtained against only one defendant, where the other defendant settled prior to judgment). However, both the First and Third Circuits have held that Rule 68 Offers of Judgment need not be apportioned among multiple defendants to be enforceable. *See King v. Rivas*, 555 F.3d 14, 18-19 (1st Cir. 2009); *Le v. Univ. Of Pa.*, 321 F.3d. 403, 408 (3rd Cir. 2003).

Noting that the Sixth Circuit has not ruled on the issue, the Court finds the First Circuit's reasoning in its recent decision, *King v. Rivas*, persuasive. "[A] package offer is simply to be taken on its own terms and compared with the total recovery package." *King v. Rivas*, 555 F.3d at 19. If before final judgment, some defendants settle or are dismissed from the case, settlement amounts should be treated as part of the recovery package, while any dismissed or prevailing defendants represent zero recovery. *Id*. As the First Circuit noted, district courts have successfully implemented this approach. *Id*. at 18 n.4. While the approach is particularly sensible in situations where a single employer is likely to pay the judgment for all defendants (itself and its employees), it is ultimately

-3-

Case No. 5:07-CV-798
Gwin, J.

irrelevant whether liability is joint and several or whether the defendants are related to each other.

*Id*. at 19.

### III.  Analysis

In this case, the Defendants' offer is "an offer to settle the whole case, and only the whole case."  *See King v. Rivas*, 555 F.3d at 17.  Each Defendant, including the City of Canton and the individual officers, is entitled to decide to only settle the case if Plaintiff Pirolozzi settles with them all.  The Plaintiff cannot accept the offer partially.  If the case proceeds to final judgment for the Plaintiff, the Court will determine whether total recovery by the Plaintiff, including any settlements with individual Defendants, exceeds the joint Rule 68 Offer.  *See id.* at 19.  In agreement with the First Circuit, the Court finds it irrelevant for this inquiry whether the alleged liability is joint and several.  *See id.*  Plaintiff Pirolozzi must decide whether to accept or reject the Defendants' joint Offer of Judgment.

### IV.  Conclusion

For the foregoing reasons, this Court **DENIES** the Plaintiff's motion to strike the Defendants' Rule 68 Offer of Judgment. [Doc. 174].

IT IS SO ORDERED.


Dated: March 13, 2009                              s/        *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE