UNITED STATES DISTRICT COURT
NONRTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                            :
TROY PIROLOZZI,                             :    CASE NO. 5:07-CV-798
                                            :
        Plaintiff,                          :
                                            :
vs.                                         :    ORDER & OPINION
                                            :    [Resolving Doc. No. 193]
ERIC STANBRO, ET AL,                        :
                                            :
        Defendants.                         :
                                            :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Troy Pirolozzi moves the Court for partial summary judgment against Defendant Officers Eric Stanbro, William Guthrie, and Jerry Fuelling, on the issue of whether the officers' use of excessive force was objectively unreasonable as a matter of law. [Doc. 193.] Defendants City of Canton and Officers Stanbro, Guthrie, Fuelling, and Shawn Overdorf oppose the motion. [Doc. 204.] For the reasons discussed below, the Court **DENIES** the Plaintiff's motion for partial summary judgment.

I.  Background

On March 19, 2007, Plaintiff Pirolozzi filed suit against multiple Defendants in this Court for damages under 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment, and under Ohio common law. On May 1, 2008, this Court denied the Defendant Officers' motion for summary judgment that said they were entitled to summary judgment on the basis of qualified immunity as to the Plaintiff's § 1983 excessive force claim. [Doc. 144.] The Defendants pursued an interlocutory appeal of that decision to the Sixth Circuit. [Doc. 145.] On December 15, 2008, the Sixth Circuit issued an order dismissing the Defendants' appeal, determining that factual issues existed that, if found in the

Case No. 5:07-CV-798
Gwin, J.

plaintiffs' favor, defeated qualified immunity. The Sixth Circuit found it did not have jurisdiction to review the decision. The case is set for trial before this Court May 4, 2009. [Doc. 159.]

Plaintiff Pirolozzi filed the instant motion for partial summary judgment on his claims against Defendant Officers Stanbro, Guthrie, and Fuelling for their use of excessive force in restraining the decedent, Shawn Pirolozzi. [Doc. 193.] In his motion, the Plaintiff relies on this Court's statements in its opinion denying in part summary judgment for the Defendants. The remaining Defendants, City of Canton and Officers Stanbro, Guthrie, Fuelling, and Overdorf, move the Court to dismiss the Plaintiff's motion as untimely. [Doc. 204.] Alternatively, the Defendants oppose the motion. [Id.] Plaintiff Pirolozzi replied to the opposition. [Doc. 206.]

## II. Legal Standard

Summary judgment is appropriate where the evidence submitted shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "A fact is material if its resolution will affect the outcome of the lawsuit." *Martingale, LLC v. City of Louisville,* 361 F.3d 297, 301 (6th Cir. 2004) (citing *Daughenbaugh v. City of Tiffin,* 150 F.3d 594, 597 (6th Cir. 1998) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986))).

The moving party meets its burden by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.,* 477 U.S. at 323 (quoting FED. R. CIV. P. 56(c)).


Case No. 5:07-CV-798
Gwin, J.

However, the moving party is under no "express or implied" duty to "support its motion with affidavits or other similar materials negating the opponent's claim." *Id.*

Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)*. It is not sufficient for the nonmoving party merely to show that there is some existence of doubt as to the material facts. *See id.* at 586. Nor can the nonmoving party rely upon the mere allegations or denials of its pleadings. FED. R. CIV. P. 56(e).

In deciding a motion for summary judgment, the Court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *Thomas v. Cohen,* 453 F.3d 657, 660 (6th Cir. 2004) (citations omitted). "The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 288-89 (1968)). Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Martingale*, 361 F.3d at 301 (citing *Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.,* 96 F.3d 174, 178 (6th Cir. 1996)) (internal quotations omitted).

III. Analysis

*I. Timeliness*

In its case management schedule, this Court set February 18, 2008 as the deadline for the filing of dispositive motions. [Doc. 15.] Plaintiff Pirolozzi filed the instant motion for partial summary judgment on March 13, 2009. [Doc. 193.] The Defendants argue that the motion should therefore

-3-

Case No. 5:07-CV-798
Gwin, J.

be dismissed as untimely. [Doc. 204 at 1.] Plaintiff Pirolozzi responds by admitting that the motion was filed after the applicable deadline, but argues that the motion should be considered because it is based on this Court's Order and Opinion regarding the Defendants' motion for summary judgment, and was filed as soon as possible thereafter. Plaintiff claims to have filed the motion as soon as jurisdiction returned to this Court following the Defendants' interlocutory appeal to the Sixth Circuit. The Court finds that the Plaintiff's motion for partial summary judgment is untimely because it was filed well after the dispositive motion deadline set by this Court. The Court denies the motion for this reason. Nonetheless, the Court will consider the motion on the merits.

*II. Objective Unreasonableness of the Officers' Actions*

In his motion for partial summary judgment, Plaintiff Pirolozzi relies on this Court's Order and Opinion denying in part the Defendants' motion for summary judgment. Plaintiff Pirolozzi claims that "this Court . . . recognized the facts and evidence . . . established [that] the Defendant officers acted in an objectively unreasonable manner." [Doc. 193 at 5-6.] To reach this conclusion, the Plaintiff relies on the following passage from the Court's Opinion:

> Once Pirolozzi, naked and clearly unarmed was handcuffed behind his back and placed belly-down on the street, however, he no longer posed a threat to anyone. The further acts of physical force taken by the Defendants after Pirolozzi was restrained, and particularly after he had completely stopped moving, are disturbing in both their duration and intensity and are objectively unreasonable.

[Doc. 193 at 6 (quoting Doc. 144 at 12).] The Plaintiff argues that this passage represents the Court's finding that the Defendant Officers' actions in restraining Pirolozzi were objectively unreasonable. The Plaintiff thus claims there is no genuine issue of material fact as to the unreasonableness of the Officers' actions, because the Court has already decided the issue conclusively.

In their opposition, the Defendants argue that the Plaintiff took the above-quoted passage out

Case No. 5:07-CV-798
Gwin, J.

of context, because it was based on the facts construed in a light most favorable to the Plaintiff, as is required in a ruling on summary judgment. [Doc. 204 at 2.] Therefore, it was not a conclusion by the Court that the Officers acted objectively unreasonably, but a conclusion that, construing the facts in a light most favorable to the Plaintiff, a genuine issue of material fact exists concerning the Officers' use of force. [Id.] The Defendants argue this is an insufficient basis for granting partial summary judgment in favor of the Plaintiff.

The Court agrees. Denying summary judgment to one party does not amount to granting it to the other. In considering the Defendants' motion for summary judgment, the Court drew all reasonable inferences in favor of the Plaintiff. The Court reiterated this standard throughout the analysis, from the beginning:

> *Construing the facts in the light most favorable to the Plaintiff* means that the Court must *assume* that the Defendant Officers applied substantial force to the head, neck, torso, and legs of Pirolozzi, a mentally ill individual who was no longer resisting arrest or posing a threat to anyone in the vicinity, to keep him motionless on the ground in a prone position for several minutes with his hands handcuffed behind his back. The Court also must *assume* that the Defendants used a taser device, brachial stuns, kicks, punches, and physical force against the decedent while he was on the ground. Thus, the plaintiff *alleges*, and shows *cognizable* evidence demonstrating, sufficient facts to show a constitutional violation that is actionable under § 1983.

[Doc. 144 at 10 (emphasis added); *see also* 10-12.] Therefore, as in any decision on a motion for summary judgment, the Court's conclusions hold *if* the facts are proven in the non-moving party's favor.

However, in the context of summary judgment, the Court does not decide facts; that task belongs to the jury. The Court only determines if a genuine issue of material fact exists that requires the case go to a jury. Throughout the analysis in the order on summary judgment, the Court articulated the limits of its role. [Doc. 144 at 11 ("A jury could easily conclude that it was objectively

Case No. 5:07-CV-798
Gwin, J.

unreasonable to use significant pressure and force. . . ."), at 12 ("A jury may very well conclude that the use of force in this case was excessive under the circumstances."), ("While a jury may find that not all of the individual Defendant Officers are liable under § 1983 . . . .")].

In denying summary judgment to the Defendant Officers on the § 1983 excessive force claim, the Court explained that it could not "conclude as a matter of law that any of the officers are entitled to qualified immunity." [Doc. 144 at 12, n.6.] That is not synonymous with the conclusion that the Defendant Officers are liable under § 1983 for the use of excessive force. Again, denying summary judgment to one party is not the same as granting it to the other. It is simply a decision that sufficient disagreement about the facts exists to require that the case go to a jury.

IV. Conclusion

For the foregoing reasons, this Court **DENIES** the Plaintiff's motion for partial summary judgment. [Doc. 193.]

IT IS SO ORDERED.

Dated: April 7, 2009                    s/        *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE