UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF OHIO
------------------------------------------------------
:
TROY PIROLOZZI,                              :        CASE NO. 5:07-CV-798
                                             :
        Plaintiff,                           :
                                             :
vs.                                          :        ORDER & OPINION
                                             :        [Resolving Doc. No. 237.]
ERIC STANBRO, ET AL,                         :
                                             :
        Defendants.                          :
                                             :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Troy Pirolozzi moves the Court to compel production of interviews of the Defendant Officers that the Plaintiff has subpoenaed for trial. [Doc. 237.] Defendants City of Canton, Eric Stanbro, William Guthrie, Jerry Fuelling, and Shawn Overdorf oppose the motion. [Doc. 239.] For the reasons discussed below, the Court **GRANTS** the Plaintiff's motion to compel.

On September 14, 2007, Plaintiff Pirolozzi requested the entire file from the Defendants concerning the arrest of and investigation into the death of Shawn Pirolozzi. The file includes the interviews of the Defendant Officers conducted by members of the Canton Police Department. In response, the Defendants produced portions of the investigative file at the time, but asserted a work product/trial preparation privilege with respect to the interviews. The Defendants claim those interviews were conducted "for purposes of presenting the case to the grand jury and/or for the purpose of instituting disciplinary action." [Doc. 239 at 2.]

This case is set for trial May 11, 2009. On May 4, 2009, Plaintiff Pirolozzi issued a subpoena for the unproduced documents. [*See* Doc. 235, Ex. A.] The Defendants sought to quash that

-1-

Case No. 5:07-CV-798
Gwin, J.

subpoena, arguing that it was untimely, unduly burdensome, and involved documents that are protected as trial preparation material. [Doc. 235.][1/] Because that subpoena incorrectly requested that the documents be produced at Plaintiff's counsel's office in Michigan, the Plaintiff reissued the subpoena requesting that the documents be produced at trial. [*See* Doc. 236.] The Plaintiff then filed this instant motion to compel the production of the interviews. [Doc. 237.] The Defendants have again opposed the motion. [Doc. 239.]

In seeking to stop production of seemingly relevant materials, the Defendants bear the burden of establishing that the documents sought to be protected were prepared in anticipation of litigation. *United States v. Roxworth*, 457 F.3d 590, 593 (6th Cir. 2006). Rule 26(b)(3) of the Federal Rules of Civil Procedure explains the work product privilege, which protects some materials from discovery:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
> (i) they are otherwise discoverable under Rule 26(b)(1); and
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. Pr. 26(b)(3)(A). The requirement that protected materials be prepared in anticipation of litigation or for trial does not necessarily require that the materials were prepared in anticipation of the same litigation or trial in which the discovery is sought. *United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 660 (6th Cir. 1976) ("[W]e view the work product doctrine as protecting work produced in anticipation of other litigation."); *see also* Wright & Miller, Federal Practice and

---

[1/] The motion to quash is no longer a pending motion, given the Plaintiff's response, Doc. 236, and the subsequent filings. The currently pending motion to compel addresses substantively the same issues as the previous motion to quash. [*See* Doc. 237.]

Case No. 5:07-CV-798
Gwin, J.

Procedure § 2024. Nonetheless, the Advisory Committee Note to Rule 26(b)(3) said in relevant part, "Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision." 48 F.R.D. 501; *see also United States v. Roxworth*, 457 F.3d 590, 593-94 (6th Cir. 2006) (citations omitted) ("It is clear that documents prepared in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes, are not covered by the work product privilege. Thus, a document will not be protected if it would have been prepared in substantially the same manner irrespective of the anticipated litigation.").

In this case, the materials requested - interviews with the Defendant Officers - were prepared by the Canton Police Department for the purpose of investigating the incident involving Shawn Pirolozzi's arrest and subsequent death. This investigation was conducted for purposes of potential grand jury proceedings or disciplinary action against the Defendant Officers. [Doc. 239.] "Courts . . . have consistently held that evidence gathered in the course of an internal police investigation resulting from alleged use of misconduct [is] discoverable." *Collins v. Mullins*, 170 F.R.D. 132, 135 (W.D. Va. 1996). This is because police departments have a duty, in the normal course of serving their public functions, to investigate alleged misconduct by law enforcement officers. *Id*. The Canton Police Department surely makes a regular practice of investigating incidents where arrested individuals die while being taken into custody. Even if litigation could have been or was anticipated at the time of the investigation, the primary purpose of the investigation was to determine if there had been any police misconduct. Therefore, the Court finds that the work product privilege does not apply to the investigative file subpoenaed by Plaintiff Pirolozzi.

For the foregoing reasons, this Court **GRANTS** the Plaintiff's motion to compel. [Doc. 237.]

Case No. 5:07-CV-798
Gwin, J.

The Defendants are hereby ordered to produce the remaining portions of the investigative file, including the records of the interviews with the Defendant Officers. The Court also orders the production of the Defendants' latest police manual.

    IT IS SO ORDERED.


Dated: May 8, 2009                                s/ *James S. Gwin*
                                                                     JAMES S. GWIN
                                                                     UNITED STATES DISTRICT JUDGE