UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO

```
------------------------------------------------------
                                                :
TROY PIROLOZZI,                                 :       CASE NO. 5:07-CV-798
                                                :
        Plaintiff,                              :
                                                :
vs.                                             :       ORDER & OPINION
                                                :       [Resolving Doc. No. 277]
ERIC STANBRO, ET AL,                            :
                                                :
        Defendants.                             :
                                                :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant City of Canton moves this Court to amend the judgment in this case by reducing it by the social security benefits payable to the decedent's children. [Doc. 277.] Plaintiff Troy Pirolozzi opposes the motion. [Doc. 281.] For the reasons discussed below, the Court **DENIES** the motion to amend the judgment.

On March 19, 2007, Plaintiff Pirolozzi filed suit against multiple Defendants in this Court for damages under 42 U.S.C. § 1983. Prior to trial, Plaintiff Pirolozzi filed a motion in limine to prohibit the Defendants' experts from testifying that the jury should take into account social security benefits payable to decedent Shawn Pirolozzi's children. [Doc. 201.] The Defendants filed opposition, [Doc. 207], and the Court addressed the issue at a *Daubert* hearing on April 13, 2009. [Doc. 219.] At that hearing, both parties agreed that any discussion of social security benefits should be dealt with as a post-trial matter to avoid confusing the jury, the Court granted the Plaintiff's motion to exclude the evidence at trial, acknowledging the potential for reconsideration of the ruling if necessary. [Doc. 271 at 15.]

Following a jury trial and verdict, on May 21, 2009, the Court entered judgment in favor of

-1-

Case No. 5:07-CV-798
Gwin, J.

Plaintiff Pirolozzi and against Defendant City of Canton as to both the remaining survivorship and wrongful death claims. [Doc. 274.] The jury awarded the Plaintiff compensatory damages of $75,000 as to the survivorship claim and $2,000,000 as to the wrongful death claim. [Id.]

On June 4, 2009, Defendant City of Canton moved this Court pursuant to Ohio Revised Code § 2744.05(B) to reduce the amount of the jury's verdict by the social security benefits that are payable to decedent Shawn Pirolozzi's children. [Doc. 277.] Because 42 U.S.C. § 1983 fails to address the issue of set-offs for collateral benefits, the Defendant argues that under 42 U.S.C. § 1988 this Court should apply state law to fill the gap. [Id.] Ohio law provides that collateral benefits owed to a claimant shall be deducted from an award against a political subdivision recovered by that claimant. [Id. at 2 (citing O.R.C. 2744.05(B)(1)).] Given that the estate of Shawn Pirolozzi descends to his children, and those children will receive social security benefits as a result of his death until they are 18 years old, Canton argues that the amount of those social security benefits should be deducted from the jury award. [Id. at 2.]

Plaintiff Pirolozzi responds that the Ohio law is inconsistent with the letter and spirit of § 1983 because it limits a party's ability to obtain damages for constitutional violations. [Doc. 281 at 3-4.] Therefore, Pirolozzi argues the state law is preempted and inapplicable. [Id.] Even if O.R.C. § 2744.05(B) were not preempted by § 1983, Pirolozzi argues that, "[b]ecause there has been no apportionment of the jury's verdict, which is in favor of the Estate and not the children, there is no basis upon which to now divide and/or reduce the judgment." [Id. at 5.]

The common law collateral source rule governs this issue. "Under the collateral source rule, 'the receipt of collateral benefits is deemed irrelevant and immaterial on the issue of damages . . . .'" *Honeysett v. Williams*, 2003 WL 25676461, at *8 (N.D. Ohio July 3, 2003) (citing *Pryor v.*

Case No. 5:07-CV-798
Gwin, J.

*Webber*, 263 N.E.2d 235, 239 (Ohio 1970)). Collateral source benefits include "*social security* and medicare payments and gratuitous physician's fees." *Id.* (emphasis added). The collateral source rule is applicable to damage questions in federal § 1983 actions. *See Gill v. Maciejewski*, 546 F.3d 557, 565 (8th Cir. 2008); s*ee also Perry v. Larson*, 794 F.2d 279 (7th Cir. 1986) (refusing to deduct unemployment compensation from verdict rendered in a § 1983 action because of the collateral nature of the benefit). In this case, the social security benefits payable to decedent Shawn Pirolozzi's children are collateral source benefits, and thus will not be deducted from the damages awarded to Plaintiff Pirolozzi on the § 1983 claims.

Even if the Court were to look to state law, however, O.R.C. § 2744.05(B) does not apply. A subsequent provision, O.R.C. § 2744.09(E), exempts the instant case from coverage by O.R.C. Chapter 2744. Specifically, O.R.C. §2744.09 states, in pertinent part: "[t]his chapter does not apply to, and shall not be construed to apply to, . . . (E) [c]ivil claims based upon alleged violations of the constitution or statutes of the United States." O.R.C. § 2744.09(E). "Where a plaintiff brings a civil action based upon alleged violations of a federal statute against a political subdivision, Chapter 2744 does not apply."*Craig v. Columbus City Schools*, 760 F.Supp. 128, 130 (S.D. Ohio 1991).

### IV. Conclusion

For the foregoing reasons, this Court **DENIES** the Defendants' motion to amend the judgment by reducing it to account for social security benefits. [Doc. 277.]

IT IS SO ORDERED.

Dated: July 24, 2009  s/        *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE