UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
TROY PIROLOZZI,                            :         CASE NO. 5:07-CV-798
:
        Plaintiff,                         :
:
vs.                                        :         ORDER & OPINION
                                                       :         [Resolving Doc. No. 276]
ERIC STANBRO, ET AL,                       :
:
        Defendants.                        :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Plaintiff Troy Pirolozzi moves this Court to amend the judgment in this case to include prejudgment interest. [Doc. 276.] Defendants City of Canton, Eric Stanbro, William Guthrie, Jerry Fuelling, and Shawn Overdorf (collectively, "the Canton Defendants") oppose the motion. [Doc. 282.] For the reasons discussed below, the Court **DENIES** the motion to include prejudgment interest.

I. Background

      On March 19, 2007, Plaintiff Pirolozzi filed suit against multiple Defendants in this Court for damages under 42 U.S.C. § 1983. Following a jury trial and a jury verdict, given on May 21, 2009, the Court entered judgment in favor of Plaintiff Pirolozzi and against Defendant City of Canton as to both of the remaining survivorship and wrongful death claims. [Doc. 274.] The jury awarded the Plaintiff compensatory damages of $75,000 as to the survivorship claim and $2,000,000 as to the wrongful death claim. [Id.]

      On June 4, 2009, Plaintiff Pirolozzi moved this Court, in its discretion, to amend the judgment to include prejudgment interest in the amount of $341,152.74. [Doc. 276.] The Canton

Case No. 5:07-CV-798
Gwin, J.

Defendants oppose the motion, arguing that prejudgment interest is not available on § 1983 claims that involve personal injury based on tortious conduct. [Doc. 282.] Alternatively, the Defendants argue that because the City of Canton made a good faith effort to settle the case, and the Plaintiff did not, the Court should not grant prejudgment interest. [Id.] In reply, Plaintiff Pirolozzi argues that Ohio law "cannot restrict this Court's discretion in awarding interest." [Doc. 288 at 2.] Moreover, Pirolozzi contends that even if the Court considers the negotiating history of the case, the Plaintiff should be entitled to prejudgment interest due to the Defendants' reluctance to negotiate. [Id.]

## II. Legal Standard

Under Ohio law, parties can seek prejudgment interest. *Miller v. Gunckle*, 96 Ohio St.3d 359, 365, 775 N.E.2d 475, 481 (2002). The award of prejudgment interest compensates the plaintiff regardless of whether the judgment is based on a claim which was liquidated or unliquidated and even if the sum due was not capable of ascertainment until determined by the court. *Royal Elect. Constr., Corp. V. Ohio State Univ.*, 73 Ohio St.3d 110, 111, 652 N.E.2d 687 (1995).

In *Molton v. City of Cleveland*, 839 F.2d 240 (6th Cir. 1988), the Sixth Circuit acknowledged that prejudgment interest is available on a tort claim, stating: "[p]rejudgment interest is available on a state claim through Ohio Rev.Code § 1343.03(C), and whether it is awarded is addressed to the discretion of the district court . . . ." *Id.* at 250. In pertinent part, O.R.C. § 1343.03(C) provides:

> Interest on a judgment . . . rendered in a civil action based on tortious conduct . . . shall be computed from the date the case of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.

O.R.C. § 1343.03(C). According to the Sixth Circuit:

Case No. 5:07-CV-798
Gwin, J.

> A party has not "failed to make a good faith effort to settle" under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party.

*Stallworth v. City of Cleveland*, 893 F.2d 830, 835 (6th Cir. 1990). The determination as to the good faith of the parties settlement efforts "is generally within the sound discretion of the trial court." *Id.*

In ruling on a motion for prejudgment interest, "[a] district court need not conduct . . . a hearing if the party does not request one, or if it appears to the district court that grounds for granting the motion do not exist." *Preferred RX, Inc. v. American Prescription Plan, Inc.*, 46 F.3d 535, 552 (6th Cir.1995).

### III. Analysis

In this case, Plaintiff Pirolozzi does not meet his burden under O.R.C. 1343.03(C), because he does not demonstrate that the Canton Defendants "failed to make a good faith effort to settle the case." As important, Plaintiff Pirolozzi does not show that he made a good faith effort to settle the case. Pirolozzi presents no evidence that the Defendants attempted to unnecessarily delay any of the proceedings, or that the Defendants were anything other than cooperative in discovery proceedings. Although the Plaintiff asserts that the Canton Defendants' inability to obtain cooperation from a negotiator caused a delay and eventual futility in settlement discussions, [Doc. 288 at 2], there is no indication that the Defendants were *attempting* to cause such a delay or that such a delay was *unnecessary*.

Furthermore, the Canton Defendants made at least four attempts to settle the case before trial, including a final offer in the amount of $800,000. [*See* Doc. 282, Ex. A.] The jury's verdict in the amount of $2,075,000 was far closer to the Defendants' final written settlement offer than it was to

Case No. 5:07-CV-798
Gwin, J.

the Plaintiff's final written demand for $20,000,000. [Id.] Monetary proximity alone is not dispositive, but it strengthens the Canton Defendants' position that they engaged in a rational evaluation. See Evans v. Dayton Power & Light Co., No. 05CA800, 2006 WL 199624 (Ohio Ct. App. 4th Dist. Jan. 25, 2006) (holding that a power company rationally evaluated risks and potential liability despite the fact that its conclusion turned out to be wrong).

Nor does Plaintiff Pirolozzi demonstrate that he, himself, "did not fail to make a good faith effort to settle the case." The Plaintiff supposedly based his $20,000,000 demand upon Mr. Fieger's prior verdicts. [Doc. 282, Ex. A at 13]. Each case differs – jury verdicts, even after arguably similar evidence, differ wildly. Some are high, some low. To base a negotiating position upon such a demand did not show good faith. Finally, the Plaintiff contends that he "would have negotiated to resolve the case." [Doc. 288 at 2.] But mere willingness to negotiate a settlement is not enough to satisfy the Plaintiff's burden of demonstrating an effort towards reaching a settlement; Plaintiff Pirolozzi's efforts were anything but "aggressive." Accordingly, in its discretion, the Court declines to award prejudgment interest.

IV. Conclusion

For the foregoing reasons, this Court **DENIES** the Plaintiff's motion to amend the judgment to include prejudgment interest. [Doc. 276.]

IT IS SO ORDERED.

Dated: July 31, 2009          s/ *James S. Gwin*
         JAMES S. GWIN
         UNITED STATES DISTRICT JUDGE