UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
TROY PIROLOZZI, : CASE NO. 5:07-CV-798
:
      Plaintiff, :
:
vs. : ORDER & OPINION
: [Resolving Doc. No. 275]
ERIC STANBRO, ET AL, :
:
      Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff Troy Pirolozzi moves this Court for a new trial under Federal Rule of Civil Procedure 59, saying the verdict was against the weight of the evidence; the Defendants violated the Court's pretrial orders; and the damages returned for pain and suffering are grossly inadequate. [Doc. 275.] Defendants City of Canton, Eric Stanbro, William Guthrie, Jerry Fuelling, and Shawn Overdorf (collectively, "the Canton Defendants") oppose the motion. [Doc. 280.] For the reasons discussed below, the Court **DENIES** the motion for a new trial.

                                        I. Background

    On March 19, 2007, Plaintiff Pirolozzi sued multiple Defendants for damages under 42 U.S.C. § 1983. After a jury verdict on May 21, 2009, the Court entered judgment in favor of Plaintiff Pirolozzi and against Defendant City of Canton as to both of the remaining survivorship and wrongful death claims. [Doc. 274.] The jury awarded the Plaintiff compensatory damages of $75,000 as to the survivorship claim and $2,000,000 as to the wrongful death claim. [Id.]

    On June 3, 2009, Plaintiff Pirolozzi moved this Court for a new trial. [Doc. 275.] First, the Plaintiff argues that the jury's finding that the Defendant Officers did not use excessive force was

Case No. 5:07-CV-798
Gwin, J.

against the weight of the evidence. [Id. at 7-12.] The Plaintiff claims the testimony and evidence at trial demonstrated that the Defendant Officers clearly used excessive force in restraining the decedent, Shawn Pirolozzi, and in doing so, caused his death. [Id.] The Plaintiff describes the jury's verdict in favor of the officers as "incongruous" with the jury's verdict against the City of Canton. [Id. at 5.] Next, the Plaintiff contends the Defendants violated the Court's pre-trial order limiting introduction of the fact that the Defendant Officers were not indicted by a grand jury. [Id. at 12-13.] Finally, the Plaintiff argues that $75,000 was grossly inadequate to compensate the decedent for his pain and suffering. [Id. at 13-15.]

The Canton Defendants oppose the motion on all grounds. [Doc. 280.] As to the weight of the evidence argument, the Defendants first assert that the Plaintiff waived any challenge to the inconsistent verdicts. [Id. at 4-5.] Moreover, the Defendants note that even if the jury had found against any individual Officer, the Defendants would have the right to set off amounts received from other defendants. [Id. at 6.] Plaintiff could not have obtained double recovery. [Id.] Because the total amount of damages would have been the same, the Plaintiff did not suffer prejudice. [Id.] As to the introduction of evidence of the grand jury's decision not to indict the individual defendants, the Defendants argue that the Plaintiff actually violated the Court's pre-trial order by pursuing a cover-up theory at trial. [Id. at 6-9.] Because the Plaintiff repeatedly invoked such a theory, the Defendants argue that Plaintiff invited the testimony about the grand jury no-bill and failed to object to it. [Id.] Finally, the Defendants argue that the $75,000 for the decedent's pain and suffering was supported by competent, credible evidence that contradicted the Plaintiff's medical evidence. [Id. at 2-4.]

In reply, Plaintiff Pirolozzi argues that there was no evidence presented at trial rebutting the

Case No. 5:07-CV-798
Gwin, J.

amount of pain and suffering of Shawn Pirolozzi. [Doc. 287.] To demonstrate the inadequacy of the $75,000 jury verdict, the Plaintiff compares this verdict to another verdict recently obtained by Plaintiff's counsel, where a man who suffered a fractured jaw won a $2,500,000 jury verdict. [Id. at 2-3.]

## II. Legal Standard

Under Rule 59(a) of the Federal Rules of Civil Procedure, a court can grant a new trial when the verdict is against the weight of the evidence, the damages are excessive, or for other reasons if the trial was unfair or prejudiced against the moving party. *See Holmes v. City of Massillon*, 78 F.3d 1041, 1045 - 46 (6th Cir. 1996). Showing substantial errors in the admission or rejection of evidence or the giving of or refusal to give proper jury instructions can establish prejudice. *See id.* The Court denies a motion for new trial if the verdict is one that a jury could reasonably reach, regardless of whether the Court might have reached a different conclusion were it the trier of fact. *Walker v. Bain*, 257 F.3d 660, 670 (6th Cir. 2001) (quoting *Wayne v. Village of Sebring*, 36 F.3d 517, 525 (6th Cir. 1994)).

## III. Analysis

Plaintiff Pirolozzi first argues that the jury's verdict is against the weight of the evidence because of the inherent inconsistency in finding a municipality liable under § 1983 in the absence of an underlying constitutional violation by its officers. However, the Plaintiff expressly waived this argument. When the jury returned its verdict, the Court called the parties to a side conference. The jury had returned verdicts finding in favor of the Plaintiff with regard to the Plaintiff's claim against the City of Canton and had returned verdicts in favor of the individual defendants and against the Plaintiff with regard to the claims against the Defendant Officers. The Court asked the parties if they

Case No. 5:07-CV-798
Gwin, J.

believed the jury verdicts were inconsistent and whether they believed the jury should be returned to continue deliberating. Both parties explicitly requested the Court accept the verdicts and both explicitly waived challenge to the verdict on any claim that the verdicts were inconsistent.

Because both parties agreed that no inconsistency existed and both requested the Court not return the jury for further deliberations, the Plaintiff cannot now use the inconsistency as the basis for a new trial.

With respect to the Court's pre-trial order ruling on evidentiary matters, Plaintiff Pirolozzi misconstrues the order. The Plaintiff claims the Court granted his motion to "prohibit Defendants from introducing evidence or arguing regarding the no-bill by the Grand Jury." [Doc. 275 at 13.] In fact, the Court deferred ruling on the motion because the parties agreed that the issue need not arise at trial. [Doc. 271 at 14.] The Court did, however, encourage the Plaintiff to stay away from any cover-up theory that would provoke evidence of the no-bill and any consequent need to revisit the ruling. [Id.] Although evidence of the no-bill was introduced at trial, so was plenty of evidence regarding a cover-up. Neither party raised the motion to exclude again during trial. Therefore, the Defendants did not violate the pre-trial order with respect to this evidence. Regardless, this evidence and its impact would not rise to the level of prejudice required to grant a new trial.

Plaintiff Pirolozzi's argument regarding the inadequacy of the $75,000 award for the decedent's pain and suffering also fails. According to the Sixth Circuit:

> The remedy of a new trial for inadequate damages is appropriate only where the evidence indicates that the jury awarded damages in an amount substantially less than *unquestionably* proved by the plaintiff's *uncontradicted* and *undisputed* evidence. Thus, if the verdict is supported by some competent, credible evidence, a trial court will be deemed not to have abused its discretion in denying the motion.

*Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir. 1996). In making the argument, the Plaintiff relies

Case No. 5:07-CV-798
Gwin, J.

only on his own evidence and the testimony of his experts, Drs. Stark and Spitz. [*See* Doc. 275 at 14-15.] The Defendants note that there was also ample evidence introduced as to the decedent's self-inflicted wounds before he encountered the police officers. [Doc. 280 at 3-4.] He had cut himself, bled all over, and cracked the windshield of a car in a collision. The Defendants say that the jurors could have reasonably concluded from this behavior that the decedent was not experiencing pain or suffering at the time. [Id.] Whether the decedent endured pain and suffering during his encounter with the individual Officers is not a question for this Court. *Walker*, 257 F.3d at 670. Certainly any such pain and suffering would be difficult to monetize. Based on the evidence presented, however, a jury could have reasonably concluded that Shawn Pirolozzi did indeed suffer and experience pain, and that $75,000 sufficiently compensated him for that pain and suffering.

IV. Conclusion

For the foregoing reasons, this Court **DENIES** the Plaintiff's motion for a new trial. [Doc. 275.]

IT IS SO ORDERED.

Dated: September 23, 2009      s/ *James S. Gwin*
    JAMES S. GWIN
    UNITED STATES DISTRICT JUDGE